| | |
|---|---|
| **BOULDER DISTRICT COURT, CITY AND COUNTY OF BOULDER, COLORADO**<br>1777 6th Street<br>Boulder, Colorado 80302<br>303-441-3750 | DATE FILED: December 5, 2013 6:20 PM<br>FILING ID: DFC41918B2616<br>CASE NUMBER: 2013CV31757 |
| Plaintiff: **COOL SUNSHINE HEATING & AIR CONDITIONING INC.**<br><br>v.<br><br>Defendant: **AMERICAN FAMILY MUTUAL INSURANCE COMPANY,** a Wisconsin corporation. | ▲ COURT USE ONLY ▲ |
| **Attorneys for the Plaintiff:**<br>Donald T. Emmi, #38983<br>William J. Hunsaker, #87<br>WILLIAM J. HUNSAKER, P.C.<br>4465 Kipling Street, Suite 200<br>Wheat Ridge, Colorado 80033<br>Phone:   (303) 456-5116<br>Fax:      (303) 421-4309<br>E-mail:   donnie@emmilawfirm.com | Case No.:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Cool Sunshine Heating & Air Conditioning Inc. ("Plaintiff" or "Cool Sunshine"), by and through its attorneys, WILLIAM J. HUNSAKER, P.C., and for its Complaint against Defendant American Family Mutual Insurance Company ("Defendant" or "American Family"), states and alleges as follows:

## I. PARTIES AND VENUE

1.    Cool Sunshine is a Colorado corporation, in good standing with a principal office street address of 8380 Welby Road, Denver, Colorado 80229.

2.      American Family is a foreign corporation, in good standing and authorized to do business in the State of Colorado with a principal office street address of 6000 American Parkway, Madison, Wisconsin 53783.

3.      The conduct of the Defendant, *inter alia*, denial of insurance contract coverage, which is the subject matter of this lawsuit, occurred in the State of Colorado. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c).

## II. FACTUAL ALLEGATIONS

4.      Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

5.      Cool Sunshine had purchased a commercial general liability coverage policy of insurance and a commercial property coverage policy of insurance from American Family, policy number 05 XB2519-08. The policies of insurance will hereinafter be referred to as "Insurance Contract".

6.      Said aforementioned Insurance Contract is a "liability insurance policy" as more fully defined in Colo. Rev. Stat. §13-20-808(2)(d).

7.      In the summer of 2011, Cool Sunshine was hired by Ellis Construction, Inc. and/or Gary Doberman and Ellen Robertson for the sale and installation of heating ventilation and air conditioning (HVAC) related products at the home of Gary Doberman and Ellen Robertson, 3000 18th Street, Boulder, Colorado 80304.

8.      Following the work being performed by Cool Sunshine, Cool Sunshine, along with twenty other companies and individuals, was named in a construction defect lawsuit related to the single residential home of Gary Doberman and Ellen Robertson. The case was filed on

November 18, 2011 in the District Court in and for Boulder, Colorado and is identified as case number 2011CV001260 ("Boulder Lawsuit").

9. The Insurance Contract was in full force and effect at the time that Cool Sunshine was served with the documents related to the Boulder Lawsuit.

10. The Boulder Lawsuit identifies five individual claims for relief. The following claims for relief relate to Cool Sunshine: a claim for *Breach of Implied Warranty* (third claim for relief) and *Negligence* (fourth claim for relief).

11. Among other allegations contained in the Boulder Lawsuit, it was alleged that Cool Sunshine was responsible for negligent and/or substandard construction practices; negligent and/or substandard supervision; substandard product; product that does not meet specifications; and negligent misrepresentation of a product; incomplete and unfinished work; among others.

12. On November 22, 2011 Cool Sunshine was served with the Summons, Complaint and Jury Demand, and District Court Civil Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint related to the Boulder Lawsuit.

13. Shortly thereafter, Cool Sunshine tendered a copy of the Summons, Complaint and Jury Demand, and District Court Civil Case Cover Sheet for Initial Pleading of Complaint to American Family for defense and/or indemnification.

14. On December 7, 2011, via email, American Family denied coverage and declined to retain defense counsel on behalf of Cool Sunshine.

15. In response to a letter from Cool Sunshine's counsel, on June 25, 2012, American Family sent a seven page letter identifying the policy provisions upon which the denial of coverage decision was based.

16. As a result of American Family's denial of coverage and defense, Cool Sunshine was required to obtain counsel at its own expense.

17. The Boulder Lawsuit is ongoing and as of the date of the filing of this Complaint has yet to be fully resolved by the Boulder District Court.

18. At all times material hereto, Cool Sunshine complied with all requirements and/or prerequisites under the Insurance Contract with American Family.

### III. FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

19. Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

20. Cool Sunshine seeks declaratory judgment pursuant to Colo. R. Civ. P. 57 to determine that American Family has a duty to defend Cool Sunshine in the Boulder Lawsuit and that American Family has a duty to indemnify Cool Sunshine in the Boulder Lawsuit.

21. Pursuant to Colo. R. Civ. P. 57, this Court has the power to declare rights, legal status, and other legal relationships whether or not further relief could be claimed.

22. Cool Sunshine is requesting an interpretation of the rights, legal status, and other legal relationships of the Parties hereto.

### IV. SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

23. Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

24. Based upon the allegations made by the plaintiffs in the four corners of the complaint in the Boulder Lawsuit, American Family was obligated to provide a defense to Cool Sunshine.

25. American Family has refused to defend Cool Sunshine in the Boulder Lawsuit and has denied any coverage whatsoever under the policies of insurance at issue.

26. Pursuant to the Insurance Contract American Family is required to provide a legal defense and defend Cool Sunshine in the Boulder Lawsuit.

27. Pursuant to the Insurance Contract American Family is required to indemnify Cool Sunshine for any damages awarded against it, which includes any amounts paid for settlement of claims by Cool Sunshine, in the Boulder Lawsuit.

28. As a direct and proximate result of American Family's denial of coverage and breach of contract, Cool Sunshine has suffered damages and losses.

### V. THIRD CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract – Common Law)**

29. Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

30. American Family's acted unreasonable in the denial of coverage under the Insurance Contract.

31. In particular, and not by way of limitation, American Family acted unreasonable by failing to provide any legal defense to Cool Sunshine.

32. American Family knew that its conduct in denial of coverage was unreasonable and/or American Family recklessly disregarded the fact that the denial of coverage was unreasonable.

33. As a direct and proximate result of American Family's unreasonable denial and/or reckless disregard of insurance coverage, Cool Sunshine has suffered injuries, damages, and/or losses.

## VI. F<small>OURTH</small> C<small>LAIM FOR</small> R<small>ELIEF</small>
### (Bad Faith Breach of Insurance Contract – Statutory)

34. Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

35. Cool Sunshine is a "first-party claimant" as defined in Colo. Rev. Stat. §10-3-1115(b)(I).

36. Cool Sunshine is a "first-party" as defined in Colo. Rev. Stat. §13-20-808(1)(b)(II).

37. American Family denied coverage of a bargained for benefit under the policy of insurance contract, i.e. defense and/or indemnification.

38. American Family's denial of coverage was without a reasonable basis.

39. Pursuant to Colo. Rev. Stat. §10-3-1115 and §10-3-1116, Cool Sunshine is entitled to reasonable attorney fees, court costs, and two times the covered benefit.

## VII. F<small>IFTH</small> C<small>LAIM FOR</small> R<small>ELIEF</small>
### (Violation of the Colorado Consumer Protection Act)

40. Cool Sunshine incorporates herein by reference as though fully set forth herein the allegations contained in the foregoing paragraphs of this Complaint.

41. American Family, as part of the insurance industry, is subject to the provisions of Colo. Rev. Stat. §6-1-105 of the Colorado Consumer Protection Act ("CCPA").

42. Insurance encompasses the sale of goods, services, or property under the CCPA.

43. The CCPA applies to an insurer's post-sale unfair bad faith conduct.

44. American Family's post-sale unfair and/or bad faith conduct violated, and continues to violate, the CCPA.

45. Upon information and belief, American Family has taken the same wrongful and unreasonable position in other cases, which is a pattern and practice that impacts the insurance buying public in the State of Colorado.

46. As a direct and/or proximate result of American Family's unfair and/or bad faith practices, Cool Sunshine has suffered injuries, damages, and/or losses.

47. Cool Sunshine is entitled to damages pursuant to Colo. Rev. Stat. §6-1-113, including three times the amount of actual damages sustained, costs, and reasonable attorney fees.

## VII. DEMAND FOR JUDGMENT AND JURY TRIAL
### (All Claims for Relief)

**WHEREFORE**, Plaintiff Cool Sunshine Heating & Air Conditioning Inc. demands judgment in favor of Plaintiff and against Defendant American Family Mutual Insurance Company as follows:

   a. A decree determining the rights, legal status, and other legal relationships of the Parties hereto, and for any other relief to which Cool Sunshine may be entitled;

   b. All general, compensatory, and special damages allowed by law;

   c. Emotional distress and other non-economic related damages;

   d. Two times the covered benefit, attorney fees, and costs as provided by Colo. Rev. Stat. §10-3-1115 and §10-3-1116;

  e. Treble damages, attorney fees, and costs as provided by Colo. Rev. Stat. §6-1-113;

  f. Attorney's fees and costs;

  g. Exemplary and/or punitive damages, where appropriate;

  h. All pre and post judgment interest;

  i. Any other legal and equitable remedy allowed by law as this Honorable Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS THAT ALL ISSUES OF FACT BE TRIED TO A JURY.**

Respectfully submitted this 5th day of December 2013.

            WILLIAM J. HUNSAKER, P.C.

            By: _/s/ Donald T. Emmi_
            Donald T. Emmi, #38983
            William J. Hunsaker, #87

Plaintiff's Address:
Cool Sunshine Heating & Air Conditioning Inc.
8380 Welby Road
Denver, Colorado 80229

In accordance with Colo. R. Civ. P. 121 § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.